UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH E. CANNON, | § |
| | § |
| Plaintiff, | § |
| VS. | § |
| | § |
| DEBRA REYNOLDS, | § |
| CHESTER JAMES, | § |
| DR. RICHARD MAYO, | § |
| DR. MICHAEL BERRY, | § |
| DR. ROBERT ELLIOTT, | § CIVIL ACTION NO. H-05-3136 |
| DEBORAH MCCOY, | § |
| K.D. JOST, | § |
| KENT DESHAZO, | § |
| JEFFERY WALL, | § |
| FREDERICK C. ABBOTT, | § |
| JOHN DOE, | § |
| and | § |
| CONTINENTAL AIRLINES, INC., | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's motions to remand this action to state court. After considering the parties' filings and oral arguments and the applicable law, the Court finds that the motions, Docket Nos. 7, 15, 19, and 21, should be and hereby are **DENIED**.

Plaintiff alleges various state law tort claims arising from the loss of his medical certification to pilot commercial aircraft, which, he claims, resulted from a conspiracy among Defendants to produce false fitness for duty assessments of Plaintiff. The parties agree that the fitness for duty assessment process is prescribed by the Collective Bargaining Agreement (CBA) that governed Plaintiff's employment with Continental. Defendants removed this action to federal court on the ground that Plaintiff's claims

1

require interpretation of the CBA and are, therefore, preempted by the Railway Labor Act (RLA), 45 U.S.C. §§ 151 *et seq.* Plaintiff now moves to remand, arguing that his claims do not require interpretation of the CBA.

It is undisputed that, "where the resolution of a state-law claim depends on an interpretation of the CBA, the claim is pre-empted" by the RLA. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 261 (1994). And where a claim is pre-empted by the RLA, the case is removable to federal court. *See Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 594 (5th Cir. 1993) ("If either [the RLA or the Aviation Act] completely pre-empt[s] [Plaintiff's state-law] claim, federal question jurisdiction exists, and removal of this case was proper."). In this case, an evaluation of Plaintiff's claims – which allege that Defendants conspired to pervert the fitness for duty process – requires an interpretation of the CBA provision(s) establishing and governing that process. Plaintiff's claims are, therefore, "inextricably intertwined with consideration of the terms of the labor contract," *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985), and thus pre-empted. Plaintiff's motions to remand are, accordingly, **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 23rd day of January, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**