UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH E. CANNON, | § |
| | § |
| Plaintiff, | § |
| VS. | § |
| | § |
| DEBRA REYNOLDS, | § |
| CHESTER JAMES, | § |
| DR. RICHARD MAYO, | § |
| DR. MICHAEL BERRY, | § |
| DR. ROBERT ELLIOTT, | § CIVIL ACTION NO. H-05-3136 |
| DEBORAH MCCOY, | § |
| K.D. JOST, | § |
| KENT DESHAZO, | § |
| JEFFERY WALL, | § |
| FREDERICK C. ABBOTT, | § |
| JOHN DOE, | § |
| and | § |
| CONTINENTAL AIRLINES, INC., | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants Dr. Richard Mayo's and Dr. Michael Berry's motions to dismiss Plaintiff's claims against them, pursuant to TEX. CIV. PRAC. & REM. CODE § 74.351 (Vernon 2003). After considering the parties' filings and oral arguments and the applicable law, the Court finds that the motions, Docket Nos. 29 and 34, should be and hereby are **GRANTED**.

Plaintiff contends that Mayo and Berry, along with the other individual Defendants, conspired with each other and with Continental Airlines to deprive Plaintiff, an airline pilot, of his medical certification to fly commercial aircraft. Specifically, Plaintiff claims that Mayo and Berry, at Continental's behest, diagnosed Plaintiff as suffering from narcissistic personality disorder and recommended a program of treatment

1

and monitoring before Plaintiff was restored to active flight status.  Plaintiff's Complaint states claims against Mayo and Berry for conspiracy, tortious interference with contract, intentional infliction of emotional distress, defamation, invasion of privacy, negligence, and negligent misrepresentation.  Mayo and Berry now move to dismiss with prejudice all of Plaintiff's claims against them, on the ground that Plaintiff did not timely provide them with expert reports, as required by TEX. CIV. PRAC. & REM. CODE § 74.351. Plaintiff argues that § 74.351 does not apply, because his claims against Mayo and Berry are not health care liability claims.

The Texas Civil Practice and Remedies Code defines a health care liability claim as:

> [A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety of professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE § 774.001(a)(13).  The Code does not define the term "treatment" for purposes of health care liability claims, and thus Texas courts have looked to dictionaries to determine the appropriate definition:

> Webster's Dictionary defines "treatment" as "the action  or manner of treating a patient medically or surgically."  WEBSTER'S THIRD NEW INT'L DICTIONARY 2435 (1981).  It defines the verb "treat" as "to care for (as a patient or part of the body) medically or surgically."  *Id.*  Black's Law Dictionary defines "Treatment" as, "A broad term covering all the steps taken to effect a cure of an injury or disease; including examination and diagnosis as well as application of remedies."  BLACK'S LAW DICTIONARY 1502 (6th ed. 1992).

*Lection v. Dyll*, 65 S.W.2d 696, 705 (Tex. App. – Dallas 2001, pet. denied).

Texas courts disagree as to whether claims arising from fitness-for-duty examinations are health care liability claims. According to one such court, claims arising from fatal injuries suffered by a prison guard during an annual fitness test are health care liability claims. *Martinez v. Battelle Memorial Inst.*, 41 S.W.3d 685, 692-93 (Tex. App. – Amarillo 2001, no pet.); *see also Koehler v. Arambula*, No. 04-02-00393-CV, 2002 WL 31557349, at *1 (Tex. App. – San Antonio Nov. 20, 2002, no pet.) (not designated for publication) (holding that a plaintiff alleging an improper diagnosis during a mental competency examination for a probate court has asserted a health care liability claim). *But see Almaguer v. Jenkins*, 9 S.W.3d 835, 838 (Tex. App. – San Antonio 1999, no pet.) (holding that an action against a physician for improperly performing an examination requested by a third party is not a medical malpractice suit).

In any event, however, Mayo and Berry did more than merely examine and diagnose Plaintiff at Continental's request; they also recommended a treatment plan and volunteered to perform follow-up examinations. These actions fit within the legal definition of "treatment" set forth in Black's Law Dictionary. Accordingly, the Court finds that Plaintiff's claims against Mayo and Berry are health care liability claims.

Plaintiff has not complied with the statutory requirement that, within 120 days of the filing of a health care liability claim, the party asserting the claim serve upon each defendant physician one or more expert reports. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a). Plaintiff's claims against Mayo and Berry are, therefore, **DISMISSED WITH PREJUDICE**. *See id.* § 74.351(b)(2). The Court hereby **AWARDS** Mayo and Berry reasonable attorney's fees and costs of court. *See id.* § 74.351(b)(1). The Court would strongly prefer that the amounts of such fees and costs be agreed upon by the

parties, but, failing that, the matter will be determined by the Court after briefing by the parties.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 20th day of March, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**